# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL SESSION, 1998

FILED

August 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9712-CR-00535 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SCOTT COUNTY |
| VS. | ) | |
| | ) | HON. LEE ASBURY |
| ERIC CREEKMORE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Post-Conviction Relief - Voluntary |
| | ) | Manslaughter) |

FOR THE APPELLANT:

MAX E. HUFF
115 Litton Road
Oneida, TN 37841

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM PAUL PHILLIPS
District Attorney General
P. O. Box 10
Huntsville, TN 37756

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Eric Creekmore appeals the trial court's denial of his petition for post-conviction relief. He presents the following issue for review: whether the trial court erred in denying Appellant's petition for post-conviction relief based upon the ineffective assistance of counsel.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

On July 8, 1996 Appellant pleaded guilty in the Scott County Criminal Court to voluntary manslaughter. He agreed to be sentenced as a Range III persistent offender to fifteen years incarceration with the Tennessee Department of Correction. On November 17, 1996, Appellant filed a pro se petition for post-conviction relief. This petition was amended by appointed counsel on March 26, 1997. Following a hearing, the trial court dismissed Appellant's petition on August 20, 1997.

Specifically, Appellant alleges the following deficiencies in defense counsel's representation:

> (1) Failure to keep confidential the location of the knife used to kill Mr. Wayne Dolan;
> (2) failure to withdraw from representing Appellant once counsel became aware that he could be a witness due to his involvement in the chain of custody of the knife;
> (3) failure to file a motion to suppress Appellant's statements;
> (4) failure to insist that Appellant refuse the State's plea offer and opt to go to trial.

## II. POST-CONVICTION RELIEF

Appellant contends that the trial court erred in denying his petition for post-conviction relief based upon the ineffective assistance of counsel.

In post-conviction proceedings, the Appellant bears the burden of proving the allegations raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). See also Scott v. State, 936 S.W.2d 271, 272 (Tenn. Crim. App. 1996). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Campbell v. State, 904 S.W.2d 594, 595-96 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

## EFFECTIVE ASSISTANCE OF COUNSEL

Appellant's only contention on this appeal is that the trial court erred in denying his petition for post-conviction relief based upon Appellant's allegation that he received ineffective assistance of counsel.

The Sixth Amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right. . . to have the assistance of counsel for his defense." U.S. Const. amend. 6. Similarly, the Tennessee Constitution guarantees an accused "the right to be heard by himself and his counsel. . . " Tenn. Const. art. I § 9. In Strickland v. Washington, the United States Supreme Court articulated a two-prong test for courts to employ in evaluating claims of ineffective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee Supreme Court adopted Strickland's two-part test in Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The Strickland Court began its analysis by noting that "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 104 S.Ct. at 2064. When a convicted defendant challenges the effective assistance of counsel in a post-conviction proceeding, the Appellant bears the burden of establishing (1) deficient representation of counsel and (2) prejudice resulting from that deficiency. Strickland, 104 S.Ct. at 2064; Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). Appellant must prove that counsel's representation fell below an objective standard of reasonableness. Strickland, 104 S.Ct. at 2064. This Court is not required to consider the two prongs of Strickland in any particular order. Harris v. State, 947 S.W.2d 156, 163 (Tenn. Crim. App. 1996). "Moreover, if the Appellant fails to establish one prong, a reviewing court need not consider the other." Id. With regard to counsel's deficient performance, the proper measure is that of reasonableness under prevailing professional norms. Id. (citing Strickland, 104 S.Ct. at 2065). Put differently, counsel's performance is required to be "within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Harris, 947 S.W.2d at 163. Respecting the prejudice prong of Strickland, the Appellant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2068.

The Strickland Court emphasized that "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 2065. "A `fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Goad v. State, 938

-4-

S.W.2d 363, 369 (Tenn. 1996) (quoting Strickland, 104 S.Ct. at 2065). The mere failure of a particular tactic or strategy does not per se establish unreasonable representation. Id. at 369. However, this Court will defer to counsel's tactical and strategic choices only where those choices are informed ones predicated upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Regarding Appellant's first alleged deficiency, he specifically complains that Attorney Charlie Allen, Jr., rendered inadequate representation by (1) discovering the location of the knife used to kill the victim; (2) having the knife brought to Allen's office; and (3) surrendering the knife to authorities. Both the State and Appellant agree that once Attorney Allen was in possession of the knife, he was both legally and ethically obliged to surrender it to police. However, Appellant contends that his attorney performed deficiently by taking steps to procure the knife. Appellant claims that by procuring the weapon and giving it to the authorities, counsel eviscerated any defense which Appellant may have had and weakened Appellant's bargaining position in plea negotiations.

Although the Tennessee Code of Professional Responsibility and the standards demanded of criminal defense attorneys are not necessarily co-extensive, the Code of Professional Responsibility does offer guidance as to the appropriate standards of professionalism demanded in criminal cases. DR 7-102(A) provides in part, "(A) In the representation of a client, a lawyer shall not: (3) Conceal or knowingly fail to disclose that which the lawyer is required by law to reveal." DR 7-102(A)(3).

Attorney Allen testified at the post-conviction hearing that Appellant "probably told me more lies. . . than any other client I've ever had." Allen stated that Appellant said, both in his statements to police and in his initial statements

to Mr. Allen, that Wayne Dolan had drawn the knife on Appellant and that Appellant took the knife from Dolan and stabbed him. Moreover, Appellant told the police that after stabbing Dolan, Appellant threw down the knife before he left the tavern parking lot where the stabbing occurred. According to Mr. Allen, he explained to Appellant that if the knife was, in fact, Dolan's, then locating the knife would strengthen Appellant's case. This prompted Appellant to reveal that he had hidden the knife near a water heater in Charlie Stephens' home in Kentucky. Mr. Allen telephoned Charlie Stephens and asked him to look for a knife in his basement behind the water heater. Because of rumors that the victim had human immunodeficiency virus (HIV), Mr. Allen directed Stephens to wear gloves and to place the knife into a plastic bag and seal it. Stephens complied with Attorney Allen's request to bring the knife to Allen's office. Mr. Allen telephoned Detective Lewallen and told him to come and get the knife.

Contradicting Mr. Allen's testimony, Appellant stated that Mr. Allen cussed Appellant and told Appellant that he knew that Appellant was lying. Therefore, Appellant disclosed the location of the knife.

In its order dismissing Appellant's petition, the trial court correctly concluded that Mr. Allen did not perform deficiently by discovering the location of the knife and by having it brought to his office. Mr. Allen, operating under information given him by Appellant to the effect that the weapon was the victim's, made a reasonable strategic decision that turning over the knife to authorities would strengthen Appellant's case and buttress his self-defense theory. Moreover, nothing in the record indicates that the knife was somehow crucial to the prosecution. Thus, Appellant has failed to demonstrate prejudice from counsel's action.

-6-

Appellant's second allegation of ineffective assistance of counsel is that Mr. Allen should have withdrawn from representing Appellant once counsel became aware that he potentially could be a witness due to his involvement in the chain of custody of the knife. DR 5-102(B) provides in pertinent part, "(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer. . . may be called as a witness. . . the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client." DR 5-102(B). Attorney Allen testified that he was not concerned that he would have been in the chain of custody had the case proceeded to trial and had Detective Lewallen been called to testify. Hence, he saw no need to withdraw from representing Appellant. Moreover, it is significant that Mr. Allen discovered the location of the knife only because Appellant told him where it was hidden. Ultimately, Appellant and the prosecution agreed upon a plea bargain, thereby avoiding trial. Thus, it is difficult to conclude that Appellant was, in any way, prejudiced by Mr. Allen's failure to withdraw.

Appellant's third complaint is that Mr. Allen should have filed a motion to suppress Appellant's statements. Appellant claims that he was intoxicated at the time that he gave his statement. At the post-conviction hearing, Appellant conceded that the police administered the Miranda warnings to him and that he signed a waiver of rights form before giving his statement. Before giving his statement, Appellant denied being intoxicated. Detective Randy Lewallen of the Scott County Sheriff's Department testified that when he took Appellant's statement, Appellant informed Lewallen that he had been drinking but was not intoxicated. Detective Lewallen further testified that because Appellant "appeared to be on the verge of being intoxicated," Lewallen asked Appellant

several questions to ensure that Appellant was thinking clearly. Lewallen then went forward with the interrogation.

Mr. Allen explained that he did not move to suppress Appellant's statement for two reasons. First, according to Allen, Appellant advised him that he had been properly Mirandized. Second, Appellant's statement was helpful to the defense because Appellant's statement indicated that he stabbed the victim in self-defense. Indeed, Allen stated that had the case proceeded to trial, he would have liked for Appellant's statement to have been admitted into evidence. This is a reasonable tactical decision, and we will not second-guess it.

Regarding Appellant's assertion that he was intoxicated when he gave his statement, we emphasize that "[I]ntoxication or mental unsoundness is not alone sufficient to bar the introduction of statements made by an accused if the evidence also shows the accused was capable of understanding his rights." State v. Bell, 690 S.W.2d 879, 882 (Tenn. Crim. App. 1985).

Appellant's final complaint is that Mr. Allen rendered ineffective assistance by coercing him into signing the plea agreement. Appellant contends that he did not sign the plea agreement freely, knowingly, and voluntarily. In Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985), the United States Supreme Court held that the two-prong analysis of Strickland v. Washington for evaluating ineffective assistance of counsel claims applies to plea agreements. In order to satisfy the "prejudice" prong, the accused must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370.

Appellant testified at the hearing on his petition for post-conviction relief that Mr. Allen neglected to explain all of his constitutional rights to him, but he

-8-

could not recall which rights Allen failed to discuss. Upon being questioned by the court, Appellant stated that he recalled the court advising him of all of his rights before he entered his guilty plea.

Attorney Allen testified that he and Appellant discussed the different degrees of homicide and the various sentencing ranges. Allen averred that there was no question that Appellant understood all that he and Appellant discussed. There is adequate proof in this record that counsel did explain Appellant's rights. Moreover, Appellant conceded that the court had advised him of all of his rights before he entered his plea. Based on this record, it is clear that Appellant's plea was entered freely, voluntarily, and knowingly.

The judgment of the trial court dismissing Appellant's petition for post-conviction relief is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE