# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION

FILED

August 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ANTHONY J. ROBINSON, | ) | |
| | ) | NO. 02C01-9707-CR-00275 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**BARBARA D. MACINTOSH**
474 Perkins Extended, Suite 205
Memphis, TN 38117-3803

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**C. ALANDA HORNE**
Assistant District Attorney General
201 Poplar Ave, Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Anthony J. Robinson, appeals the trial court's denial of his petition for post-conviction relief. Having been originally convicted by a Shelby County jury of aggravated rape, he now contends in his post-conviction petition that he was afforded ineffective assistance of counsel at his trial. The judgment of the trial court is AFFIRMED.

**I.**

The petitioner was convicted of aggravated rape and sentenced to thirty-seven (37) years. The conviction was affirmed on direct appeal. State v. Anthony J. Robinson, C.C.A. No. 02C01-9210-CR-00245, Shelby County (Tenn. Crim. App. filed July 14, 1993, at Jackson). The petitioner subsequently filed a *pro se* petition for post-conviction relief. Counsel was appointed and an amended petition filed. After a hearing, the trial court denied the petition for post-conviction relief, making extensive findings of fact and conclusions of law. This appeal followed.

**II.**

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its

inferences for those drawn by the trial judge. Henley v. State, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, 960 S.W.2d at 579; Black v. State, 794 S.W.2d at 755.

## III.

The petitioner raises five issues concerning his claim of ineffective assistance of counsel. They are as follows:

> (1) trial counsel was inexperienced;
>
> (2) counsel did not sufficiently confer with petitioner prior to trial;
>
> (3) counsel failed to interview witnesses the petitioner provided;
>
> (4) counsel failed to adequately investigate the case; and
>
> (5) counsel failed to discover the victim's medical reports.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d at 899.

3

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

## A.

The petitioner claims counsel's lack of trial experience constituted ineffective assistance. The trial court noted the petitioner claimed, but presented no evidence, that his was the first trial that counsel conducted. Further, the trial court noted that inexperience, in itself, does not equate to ineffective assistance. We concur. The petitioner must identify specific acts and omissions to support the claim. The petitioner does not; therefore, this issue is without merit.

## B.

The next allegation is that counsel failed to adequately confer with the petitioner prior to trial. The trial court found counsel visited the petitioner numerous times prior to trial, and the petitioner admitted that he had reviewed the evidence with counsel. Contrary to the petitioner's contention, the trial court further found that co-counsel also met with the petitioner on two (2) separate occasions. There is no evidence the petitioner did not have the opportunity to fully explain his version of the facts to counsel. This issue is without merit.

4

Petitioner's third issue is that counsel failed to interview and present witnesses provided by petitioner; namely: Leslie Johnson, Anthony Coleman, and Brian Maxwell. Counsel testified the petitioner only gave him the names of Leslie Johnson and Yamika Coleman. Counsel testified that he was unable to find Leslie Johnson, and Yamika Coleman testified for the state. Counsel further testified that he did not remember being given the name of Anthony Coleman, and that Brian Maxwell's name was only brought to his attention at the close of proof at trial.

When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. Black v. State, 794 S.W.2d at 757; *see also* Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, and (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner. Black, 794 S.W.2d at 757. Neither the trial court nor this Court can speculate on what a witness' testimony might have been if introduced by counsel. Id.

Neither Leslie Johnson nor Anthony Coleman appeared at the post-conviction hearing; thus, any allegation based upon their alleged testimony is speculative and without merit. Counsel testified that he was only made aware of Brian Maxwell's testimony at the close of proof, and that Maxwell gave evasive answers upon being interviewed by counsel. The trial court characterized

5

counsel's decision not to present the testimony of Maxwell as "sound trial strategy." We agree. This issue is without merit.

### D.

The petitioner's fourth assignment of error is that counsel failed to make a reasonable investigation of the facts. The trial court found there was no evidence that counsel failed to adequately investigate the case. Counsel testified that there was an adequate investigation. The evidence supports the post-conviction court's finding in this regard. Further, there was no showing as to any beneficial information that further investigation would reveal. This issue is without merit.

### E.

Finally, the petitioner alleges counsel was ineffective for failing to discover medical reports concerning the victim. Petitioner contends this failure prevented counsel from fully investigating the prior sexual history of the victim.

The trial court noted counsel filed two (2) pre-trial motions seeking to discover information about the victim's sexual history. These motions were denied by the trial court. The trial transcript reveals that counsel was aware of the medical reports prior to trial. Furthermore, there was medical testimony at trial indicating prior sexual activity of the victim. The petitioner does not specify what information counsel failed to discover that would have been helpful to the petitioner's defense. The petitioner, therefore, has failed to prove that counsel provided deficient performance or that he was prejudiced. This issue is without merit.

### CONCLUSION

6

The record in this case reflects model findings of fact and conclusions of law by Judge W. Fred Axley. His findings addressed all grounds for relief alleged by the petitioner. Those factual findings are contrary to petitioner's contentions and, for all practical purposes, foreclose any relief by this Court. The trial judge was in a much better position than this Court to determine the credibility of the witnesses. We yield to the trial judge's determination as to credibility.

The petitioner has failed to meet the burden for establishing ineffective assistance of counsel as mandated by <u>Strickland v. Washington</u>, *supra.* The trial court found that counsel's performance was within the range of acceptable professional assistance. Further, petitioner has failed to demonstrate that he was prejudiced as the result of counsel's performance.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**CURWOOD WITT, JUDGE**



_____
**ROBERT W. WEDEMEYER,
SPECIAL JUDGE**