IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. DON ALLEN COLEMAN

**Direct Appeal from the Criminal Court for Knox County**
**No. 67646      Ray L. Jenkins, Judge**

**No. E1999-02093-CCA-R3-PC - Decided**
**May 19, 2000**

Petitioner, Don Allen Coleman, appeals the denial of his petition for post-conviction relief. Petitioner pled guilty to two counts of rape of a child. Pursuant to a plea agreement, the trial court ordered him to serve two concurrent seventeen-year sentences. Petitioner now alleges ineffective assistance of counsel and claims his plea was not voluntarily and knowingly entered. Upon a complete review of the record, we conclude that counsel was effective and the plea was voluntary. Thus, we affirm the dismissal of the petition.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J., delivered the opinion of the court, in which WOODALL, J. and GLENN, J. joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Don Allen Coleman.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

Petitioner was indicted on two counts of child rape. The facts submitted at the guilty plea hearing indicate that between April 1992 and April 1996, the petitioner orally assaulted and anally raped the first victim. Petitioner assaulted the second victim between December 1996 and February 1997. He transported her to an abandoned trailer, forced her to the ground, and vaginally raped her. Pursuant to a negotiated plea agreement, he pled guilty to both charges and received concurrent seventeen-year sentences.

At the post-conviction hearing, petitioner alleged the trial court failed to adequately advise him of his constitutional rights. In addition, he argued that he did not vaginally rape his second victim and did not wish to plead guilty to that charge. He testified that trial counsel only met with him for three hours prior to his plea and alleged trial counsel failed to interview witnesses which

would exonerate him. He stated he was pressured into accepting the plea offer.

The post-conviction court found trial counsel effectively represented the petitioner, and petitioner was properly advised of his constitutional rights at the time of the guilty plea. This appeal followed.

## STANDARD OF REVIEW

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## ANALYSIS

Petitioner claims the post-conviction court erred in dismissing his petition. He argues that due to counsel's ineffective representation and the trial court's inadequate explanation of his rights, he did not knowingly and voluntarily enter a guilty plea.

First, the petitioner argues the trial court failed to advise him of his right to testify and his right to proceed to trial. However, during the post-conviction hearing, the petitioner admitted the trial court had informed him of his right to testify and proceed to trial. Furthermore, the record reflects the trial court adequately explained these rights. This issue is without merit.

Second, the petitioner asserts he only met with trial counsel for approximately three hours, and trial counsel continuously failed to return his calls. He contends he informed counsel he wished to enter a plea of guilty with regard to the charge involving the first victim, but wished to proceed to trial on the charge involving the second victim. He claims counsel told him he would "gain no advantage" in going to trial.

Trial counsel testified that he briefly met with the petitioner following his arraignment. Trial counsel also testified that he met with the petitioner in his office several times and spoke with him

-2-

on the phone several times. In addition, he testified that after examining the evidence against the petitioner with regard to the charge involving the second victim, he believed the petitioner would be convicted. Trial counsel testified that he explained to the defendant that the state's offer was for the disposition of both charges. Therefore, if the petitioner chose to go to trial on the one charge, the state would no longer be obligated to agree to the seventeen-year sentence on the charge for which defendant wished to plead guilty. Therefore, petitioner could receive sentences in excess of seventeen years on both charges. Trial counsel further testified that he advised the petitioner he could receive consecutive sentences. Thus, he advised the petitioner to accept the state's offer of concurrent seventeen-year sentences.

We conclude that trial counsel appropriately consulted with the petitioner and explained the potential sentence he would face if he chose to proceed to trial on the second charge. The record does not reveal any coercion by trial counsel. Rather, the record reflects that upon a considered evaluation of his options, the petitioner voluntarily chose to enter a guilty plea on both charges. Counsel was not deficient in any way.

Finally, the petitioner contends trial counsel was remiss in failing to interview witnesses who could exonerate him on the second charge. He argues that he gave trial counsel a list of witnesses and provided their names and addresses, but trial counsel failed to contact them.

This court has previously held that, "when a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also* Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that a known witness was not interviewed, and the failure to interview the witness caused him prejudice. Black, 794 S.W.2d at 757. Neither the trial court nor this Court can speculate on what a witness' testimony might have been if introduced by counsel. *Id.* Thus, there is no showing of prejudice since none of these potential witnesses testified at the post-conviction hearing.

In addition, counsel testified he tried to contact these witnesses and was unsuccessful. Nevertheless, counsel stated his advice would have been the same even if these witnesses testified as petitioner said they would. Under all the circumstances, counsel was not deficient.

## CONCLUSION

We conclude trial counsel rendered effective representation, and the petitioner's plea was voluntarily and knowingly entered. The judgment of the trial court is affirmed.