# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 2000 Session

**WILLIAM A. HOLT, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Marshall County**
**No. 14119    Charles Lee, Judge**

---

**No. M2000-01063-CCA-R3-PC - Filed October 30, 2000**

---

The appellant was originally convicted by a Marshall County jury of attempt to commit first degree murder, and he received a sentence of twenty-one years imprisonment. The conviction was affirmed on direct appeal. He sought post-conviction relief, which was denied by the trial court. In this appeal as a matter of right, the appellant contends that his trial counsel provided ineffective assistance of counsel. After a thorough review of the record, we conclude that the trial court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

N. Andy Myrick, Jr., Fayetteville, Tennessee, for the appellant, William A. Holt, Jr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant was convicted of attempted first degree murder and sentenced to twenty-one years imprisonment. The conviction was affirmed on direct appeal. State v. William Alfred Holt, Jr., C.C.A. No. 01C01-9704-CC-00155, Marshall County (Tenn. Crim. App. filed March 27, 1998, at Nashville), *perm. to app. denied* (Tenn. 1998). The appellant subsequently filed a *pro se* petition for post-conviction relief. After a hearing, the trial court denied the petition. The appellant raises the following three issues concerning his claim of ineffective assistance of counsel:

(1) trial counsel failed to locate and call to testify essential defense witnesses;

(2) trial counsel, against the appellant's wishes, agreed to a stipulation of proof of the victim's criminal record; and

(3) trial counsel, against the appellant's wishes, questioned the appellant regarding the circumstances surrounding his procurement of the weapon used in the shooting.

Upon review of the record, we affirm the judgment of the trial court.

## I. FACTS

We glean the following underlying facts from this court's opinion in the direct appeal.

The appellant and victim had a confrontation on March 16, 1996, outside a tavern in Lewisburg. According to the victim, he and appellant were acquaintances. The victim testified that the appellant, without any provocation, approached him outside the tavern and shot him with a shotgun from a distance of five yards. The victim was unarmed. Additionally, the victim denied that he had previously threatened the appellant.

The appellant testified that he and the victim had an earlier encounter in which the victim had threatened him with a gun. He testified that he saw the victim outside the tavern on the date in question. According to the appellant, the victim made threatening remarks and stuck his hand inside his pocket as if to get a gun. The appellant then went to his vehicle, retrieved a shotgun, and shot the victim when he thought the victim was cocking a gun. The appellant conceded he never actually saw a weapon.

## II. POST-CONVICTION HEARING

At the post-conviction hearing, appellant claimed that he provided trial counsel with information regarding necessary witnesses, and that trial counsel failed to locate them. Specifically, appellant testified that he provided counsel with the name of his uncle, Joseph Holt, and the name of the victim's sister, Consuela Jones. Appellant stated that he provided his trial counsel with his grandmother's telephone number so that counsel could contact Holt, but he did not provide any contact information regarding Jones. Appellant further testified that his trial counsel, against his wishes, agreed to a stipulation of proof of the victim's criminal record, rather than requiring the victim's testimony about his record. Appellant also testified that trial counsel questioned him in open court concerning a confidential matter; namely, circumstances regarding appellant's procurement of his weapon.

The testimony of appellant's trial counsel differed from appellant's testimony in many important details. Trial counsel testified that he adequately investigated and attempted to locate all potential witnesses, and that appellant never provided him with the name of Consuela Jones. He

2

testified that he repeatedly urged appellant to contact Joseph Holt, or provide him with contact information. When appellant finally gave him a phone number to contact Holt, trial counsel stated that it was the number of a rehabilitation center where no one knew Holt. Additionally, he testified that investigators from the public defender's office searched the community for all potential witnesses, but they were unsuccessful. Trial counsel testified that appellant was satisfied with the progression of his trial and agreed to stipulate to the victim's criminal record in order to avoid a mistrial. Furthermore, trial counsel stated that the questioning concerning appellant's procurement of his weapon was tactical because the state was prepared to elicit it on cross-examination.

Appellant called Joseph Holt to testify at the post-conviction hearing. Holt testified that he was present during an earlier altercation between the appellant and the victim which occurred several months prior to the shooting. Holt testified that he witnessed the victim threaten appellant with a gun. He further testified that, immediately before the instant shooting, he witnessed the victim place his hands inside his pockets and back away from appellant. Holt stated that appellant ran across the street, retrieved his shotgun, and returned to the victim. Holt claimed that it appeared the victim was reaching for a hidden weapon, and appellant discharged his shotgun. He asserted that he was never contacted by appellant's trial counsel.

## III. STANDARD OF REVIEW

### A. Post-Conviction

The trial judge's findings of fact in post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court and not by this court. Burns, 6 S.W.3d at 461.

### B. Ineffective Assistance of Counsel

The court reviews a claim of ineffective assistance of counsel according to the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

# IV. ANALYSIS

## A. Failure to Call Witnesses

The appellant first alleges that trial counsel was deficient because he failed to locate and interview essential defense witnesses. The specific witnesses whose absence appellant places at issue are Consuela Jones, who was the victim's sister, and Joseph Holt, who was appellant's uncle.

First, we address Consuela Jones. When an appellant contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the appellant at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also* Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the appellant can establish that (a) a material witness existed who could have been discovered but for counsel's neglect in the investigation of the case; (b) a known witness was not interviewed; (c) the failure to discover or interview a witness inured to his prejudice; and (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the appellant. Black, 794 S.W.2d at 757. Although the appellant asserts that Consuela Jones may have testified that she removed a weapon from the victim after the shooting, she never testified at the post-conviction hearing. Neither the trial court nor this court may speculate as to what her testimony may have been. *Id.* This issue is without merit.

Second, as to Joseph Holt, the post-conviction court found that trial counsel's efforts to find him were within the competence demanded of attorneys in criminal cases. After careful review of the record, we agree. Additionally, the trial court concluded that appellant was not prejudiced by Joseph Holt's failure to testify at the trial since (1) his testimony was mostly cumulative of other defense witnesses; (2) he was a thrice-convicted felon lacking credibility; and (3) he was related to appellant. Again, we agree. Therefore, we conclude that the appellant has failed to demonstrate any deficiency by trial counsel, or that he was prejudiced by the failure to produce this witness. This issue is without merit.

4

**B. Victim's Criminal Record**

The appellant's second claim of ineffective assistance of counsel relates to trial counsel's decision to stipulate to the introduction of the victim's criminal record. Appellant contends that trial counsel should have moved for a mistrial after the victim failed to attend the second day of trial. Instead, the victim's criminal record was introduced by stipulation and read to the jury. Although appellant claims that he specifically instructed trial counsel to refuse stipulation, counsel testified to the contrary.

The trial court accredited the testimony of trial counsel that the matter was discussed with appellant. The evidence does not preponderate against that finding. *See* Burns, 6 S.W.3d at 461. The trial court further found it was an appropriate tactical decision. *See* Goad, 938 S.W.2d at 369. We agree. This issue is without merit.

**C. Weapon Acquisition**

Appellant's third claim of ineffective assistance of counsel relates to trial counsel's interrogation of him revealing that he acquired his weapon from a "guy on the street." Appellant testified that he told trial counsel these details believing them to be "confidential," and that counsel's decision to question him regarding the weapon's acquisition was prejudicial. Appellant's trial counsel testified that it was a tactical decision to question appellant concerning the weapon during direct examination, since the state would ask about it on cross-examination. The trial court agreed, finding it to have been a tactical decision. The evidence supports this conclusion. Additionally, appellant failed to prove that he suffered prejudice due to trial counsel's action. Appellant testified at the post-conviction hearing that he would have given the same answer if the question had been asked by the prosecution. Accordingly, the appellant has not established any deficiency, or that he was prejudiced. This issue is without merit.

**CONCLUSION**

We conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE

5