William Calvin TURNER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 5, 1979.

---

Edwin Z. Kelly, Jr., Jasper, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, J. William Pope, Dist. Atty. Gen., Pikeville, William C. Killian, Asst. Dist. Atty. Gen., Jasper, for appellee.

## OPINION

DAUGHTREY, Judge.

The petitioner, William Calvin Turner, was convicted in 1975 of concealing stolen property, at which time he was represented by a retained attorney. (He later hired a different attorney who represented him, unsuccessfully, on direct appeal of that conviction.) In 1977 he filed a petition for post-conviction relief, alleging that certain material witnesses were not subpoenaed by his original attorney, thereby depriving him of his Sixth Amendment right to a fair trial, and that because of his failure to subpoena these witnesses, the trial attorney had provided ineffective assistance of counsel. The trial judge appointed counsel and scheduled a post-conviction hearing, which was held in two parts.

The second part of the hearing was necessitated by the initial inability of court personnel to secure the presence of a witness named Terry Cardin, who had been subpoenaed by petitioner. When this witness was found and brought in to testify, the State was represented, and the petitioner's counsel was present and thoroughly examined the witness. The petitioner was not present, however, and he now assigns as error the trial court's decision to complete the post-conviction hearing in his absence.

In his second assignment of error the petitioner insists that the evidence preponderates against the trial court's finding that the trial attorney was competent in his representation of the petitioner.

We find no merit to either one of the two assignments presented on appeal. From a close reading of the record, it appears that the post-conviction matters pursued below amounted to little more than an effort by the petitioner to relitigate his case, which, of course, is not the function of a post-conviction proceeding. The petitioner's witnesses were obviously produced in an attempt to resuscitate his original alibi defense and, further, to show that he had been "framed" by various local law enforcement officials. It was the petitioner's position that he had been driven to Chattanooga by Terry Cardin on the night he was supposed to have committed the offense for which he was convicted, and that he had been picked up in Chattanooga the next day, again by Cardin, and driven back to Marion County. Cardin was under subpoena at the original trial and was present in the courtroom throughout the trial, but he was never called to testify.

At the post-conviction hearing, the petitioner insisted that if Cardin had been called as a witness, he would have testified that he drove Turner to Chattanooga on the night in question and returned for him the next day, thus supplying Turner with an alibi. In fact, when Cardin finally did testify at the delayed post-conviction hearing, he said he had once gone to Chattanooga with Turner and gambled with him all night, but he was unable to recall the date, and he adamantly denied ever driving Turner to Chattanooga and returning for him the next day.

Most of the other witnesses called by the petitioner were of similarly little help to him. One, an inmate of the local jail, testi-

fied that Turner had recently given him $10.00 and a watch to commit perjury at the hearing. Others gave testimony which, put simply, was inconclusive on the factual issues raised by the petitioner.

The petitioner's trial attorney testified to his preparation efforts in the case. He said that he had talked to all the witnesses proposed by Turner, and found many of them to be "not beneficial" to his client's case. Some, he said, gave statements which were not consistent with Turner's version of the facts; others provided merely cumulative testimony. Acknowledging his duty to preserve the confidences of his former client, the attorney also spoke candidly in terms of his ethical obligation not to utilize perjured testimony on his client's behalf.

The hearing judge listened patiently to all the evidence produced by the petitioner and the State and made lengthy written findings of fact, which culminated in his conclusion that the petitioner's trial attorney had not rendered ineffective assistance of counsel, under the standards implicit in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). We find that the record fully supports his determination.

Nor do we find reversible error in the trial court's decision to conclude the hearing in Turner's absence. The petitioner asks that we extend his Sixth Amendment right to be present at all stages of the trial to this post-conviction proceeding, citing *Stone v. State*, 521 S.W.2d 597 (Tenn.Crim. App.1974). This we decline to do. A post-conviction hearing is not a trial nor an extension of it, but is a wholly collateral lawsuit. Under T.C.A. § 40–3817, the hearing judge has the discretion to take proof by various means, as long as the petitioner's right to test the evidence is preserved. Clearly that end was accomplished in this case, and the petitioner's interests were scrupulously protected. Unfortunately for him, the sole witness who appeared at the second part of the hearing testified exactly contrary to the prediction made earlier by Turner. We do not think Turner's presence would have made any difference whatsoever in the outcome of the hearing. T.C.A. § 27–117.

By our holding, we do not mean to encourage hearings in the petitioner's absence, or the use of alternative means of proof as set out in T.C.A. § 40–3817. Under certain circumstances, such action could run afoul of a convict's right to due process in the post-conviction setting. However, based on the circumstances in this particular case, we find no reversible error in the procedure utilized in the court below.

The assignments of error are overruled and the judgment of the trial court is affirmed.

WALKER and CORNELIUS, JJ., concur.