**STATE of Tennessee, ex rel., Danny BARNES, Plaintiff-Appellant,**

v.

**Jim ROSE, Warden, Defendant-Appellee.**

Supreme Court of Tennessee.

Aug. 16, 1982.

Sharon G. Lee, Madisonville, for plaintiff-appellant.

Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, for defendant-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

This is a proceeding under the Post-Conviction Procedure Act, T.C.A., § 40–3801 *et*

*seq.* Following an evidentiary hearing, the trial judge dismissed the petition and the Court of Criminal Appeals in a 2 to 1 decision affirmed.

While in the custody of Kentucky prison authorities, the petitioner was brought to Tennessee, tried and convicted of the offense of murder in the first degree for which he was sentenced to a term of 99 years in the Tennessee penitentiary. Following his conviction in Tennessee, he was returned to the custody of Kentucky authorities and was in a Kentucky prison at Eddyville, Kentucky, when he filed the instant petition for post-conviction relief seeking a review of alleged errors in his Tennessee conviction, principally, as he claims that his counsel in the Tennessee trial did not afford competent representation.

In his appeal to this Court, the only issue raised by the petitioner is that the trial court erred in not requiring that he be brought from Kentucky to Monroe County, Tennessee, to appear there and to testify in support of his petition for post-conviction relief. His claim is based solely upon T.C.A., § 40–3810, which provides:

"If the petitioner has had no prior evidentiary hearing under this act and in other cases where his petition raises substantial questions of fact as to events in which he participated, he shall appear and testify.

"If the petitioner is imprisoned, the warden shall arrange for transportation of the petitioner to and from the court upon proper orders issued by the trial judge. The sheriff of the county where the proceeding is pending shall have the authority to receive and transport the petitioner to and from the penitentiary and the court, if the court so orders or if for any reason the warden is unable to transport him. The sheriff shall be entitled to the same costs allowed for the transportation of prisoners as is provided in criminal cases upon the presentation of the account certified by the judge and district attorney general."

We hold that the intent of the legislature as indicated by the quoted statute is that the right to appear and testify applies only to a petitioner who is in the actual custody of Tennessee authorities and subject to the orders of Tennessee courts. The prison authorities of other sovereign jurisdictions are not subject to the orders of Tennessee courts and, therefore, cannot be required to produce a prisoner for the purpose of appearing and testifying at an evidentiary hearing upon a petition for post-conviction relief in a Tennessee court. The language, ". . . he shall appear and testify . . ." must be qualified by the implied condition that the petitioning prisoner be in the actual immediate custody of Tennessee authorities. This condition is, in our opinion, plainly shown by the second paragraph of the statute above quoted. The language of the second paragraph is plainly addressed to Tennessee officials, prison wardens and sheriffs.

In the instant case the trial judge did afford to the petitioner the opportunity to respond under oath in writing to the evidence produced by the State at the hearing, afforded to the defendant the right to cross-examine the State's witnesses and provided that the State's witnesses could be recalled to answer further cross-examination if needed. Under the circumstances, the court could not have done more in this regard than he did.

We find no error in the judgment of the trial court or that of the Court of Criminal Appeals and, accordingly, affirm the same. Costs incurred upon appeal are taxed against the appellant.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.