Kenneth M. SCOTT, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 2, 1996.

Permission to Appeal Denied by Supreme Court Dec. 2, 1996.

**272**

Christopher L. Nearn, Memphis, for Appellant.

Charles W. Burson, Attorney General, Robin L. Harris, Assistant Attorney General, Nashville, John W. Pierotti, Jr., District Attorney General, Judson W. Phillips, Assistant District Attorney General, Memphis, for Appellee.

## *OPINION*

TIPTON, Judge.

The petitioner, Kenneth M. Scott, appeals as of right from the Shelby County Criminal Court's denial of post-conviction relief. The petitioner was convicted in 1991 of theft of a motor vehicle valued at more than ten thousand dollars and received a Range III, persistent offender sentence of thirteen years in the Department of Correction. The conviction and sentence were affirmed on appeal. *State v. Kenneth Scott*, No. 02C01–9202–CR–00048, Shelby Co., 1992 WL 368646 (Tenn. Crim.App. Dec. 16, 1992), *app. denied* (Tenn. Mar. 22, 1993). In the present appeal, the petitioner contends that the trial court erred (1) by finding that he failed to show by a preponderance of the evidence that his trial attorney rendered ineffective assistance and (2) by having the petitioner removed from the proceeding after his testimony, but be-

fore his trial attorney testified as a witness for the state.

The petitioner and his trial attorney were the only witnesses to testify at the evidentiary hearing. Basically, the petitioner complained that the attorney did not meet with him, did not investigate properly, did not file any motions, did not call certain witnesses that the petitioner requested to be used, and failed to introduce a football game ticket stub in support of the petitioner's alibi. In response, his trial attorney testified that he talked with the petitioner four times, filed various motions, and took advantage of the state's open file policy in preparing for the trial. He said that his investigator interviewed people as requested by the petitioner, but that some of them were not helpful to the defense and, thus, were not used. As for the ticket stub, the attorney stated that the petitioner did not mention this item until after trial and that, in any event, without another witness to the petitioner's presence, the stub was of little value. The trial court found that the trial attorney's conduct and trial strategy were within the range of competence demanded of attorneys in criminal cases and concluded that the petitioner received the effective assistance of counsel.

In this post-conviction case, the burden was on the petitioner in the trial court to prove by a preponderance of the evidence the factual allegations that would entitle him to relief. *Brooks v. State*, 756 S.W.2d 288, 289 (Tenn.Crim.App.1988).[1] On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence and the record preponderates against those findings. *Black v. State*, 794 S.W.2d 752, 755 (Tenn.Crim.App.1990). Thus, the petitioner now has the burden of illustrating how the evidence preponderates against the judgment entered. *Id.*

In this respect, with a claim of ineffective assistance of counsel, the petitioner must show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reason-

1. For post-conviction claims filed after May 10, 1995, the burden of proof is by clear and con-

vincing evidence. *See* T.C.A. § 40–30–210(f).

able probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see Lockhart v. Fretwell,* 506 U.S. 364, 368–73, 113 S.Ct. 838, 842–44, 122 L.Ed.2d 180 (1993). This standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution. *State v. Melson,* 772 S.W.2d 417, 419 n. 2 (Tenn.), *cert. denied* 493 U.S. 874, 110 S.Ct. 211, 107 L.Ed.2d 164 (1989).

■ In the present case, we believe that the petitioner has failed to show either deficient performance or prejudice. The record supports the trial court's determination that the failure to call certain witnesses was a legitimate trial tactic, that the attorney's use of an investigator was proper, and that the attorney met with the petitioner sufficiently for trial preparation. Moreover, and of equal importance, the record reflects that the petitioner completely failed to show any prejudice resulting from any claimed deficiency in counsel. He did not present the testimony of any uncalled witnesses or otherwise present any evidence that would have made a difference if presented differently.

Next, the petitioner complains about the trial court improperly removing him from the courtroom before the post-conviction evidentiary hearing was concluded. After the petitioner had testified in his own behalf, the following exchange occurred:

> THE COURT: Bring in Mr. Scott. As to Mr. Scott, Mr. Scott's testimony is concluded. He is to be sent back today, now, to wherever he was brought from.

> MR. NEARN: Your Honor, I would like to move the Court to allow him to stay and assist me while [the trial attorney] is being examined and cross-examined. I believe that would be for Mr. Scott's benefit, if he would be allowed to stay.

> THE COURT: Your petition is denied. It is a civil matter in nature, and he is not required to be here during the hearing. So he can step out.

The petitioner contends that his removal from the hearing prevented his counsel from being fully able to cross-examine the trial attorney. He also claims that his removal "chilled his ability to have a full and fair evidentiary hearing" under the Post–Conviction Procedure Act then existing.

We note that this court has previously criticized this same trial court for the practice of removing post-conviction petitioners before evidentiary hearings are completed. *See Marilyn Jean Jones v. State,* No. 34, Shelby Co., 1990 WL 54958 (Tenn.Crim.App. May 2, 1990). In *Turner v. State,* 580 S.W.2d 797, 799 (Tenn.Crim.App.1979), this court stated that there was no inherent constitutional or statutory right to be present at all stages of a post-conviction hearing, but we recognized that under certain circumstances, removing the petitioner "could run afoul of a convict's right to due process in the post-conviction setting." Also, in *State ex rel. Barnes v. Rose,* 637 S.W.2d 459, 460 (Tenn. 1982), while concluding that an out-of-state prisoner has no right to appear in Tennessee in a post-conviction case, our supreme court stated that the Post–Conviction Procedure Act provides that "the right to appear and testify applies only to a petitioner who is in the actual custody of Tennessee authorities and subject to the orders of Tennessee courts." Similarly, the 1995 Post–Conviction Procedure Act provides that a "petitioner shall appear and give testimony at the evidentiary hearing if such petition raises substantial questions of fact as to events in which the petitioner participated, unless the petitioner is incarcerated out of state...." T.C.A. § 40–30–210(a).

■ Given the fact that a post-conviction petitioner has the burden of proof, the right to appear and testify when disputed facts are at issue may well include the need for rebuttal testimony to respond to unexpected details of evidence presented through the testimony of others. Thus, absent some appropriate justification for removal, a petitioner appearing at an evidentiary hearing pursuant to the Post–Conviction Procedure Act should be allowed to remain present through the remainder of the presentation of evidence. In the present case, there is no evidence that the petitioner was disruptive, that there was a special security risk, or that there was a detrimental impact on available

facilities created by the petitioner remaining in the courtroom during the trial attorney's testimony. The mere fact that the petitioner may not have had a constitutional right to be present did not justify his removal once he was in attendance at the evidentiary hearing.

However, the petitioner does not give any indication as to any specific failure, weakness or other prejudice to his case occurring from his removal, nor does our review of the record uncover any evidence of harm. With the record being devoid of any evidence of prejudice, any error in the petitioner's removal will be deemed harmless. We add, though, that the fact that we hold the error to be harmless in this case should not be taken as precedent for similar trial court action in the future. As our supreme court has stated, "it is inappropriate for the appellate courts to preside over the creation of a body of 'harmless error law'" arising from the continued failure of a trial court to meet some procedural requirement. *State v. Gorman*, 628 S.W.2d 739, 740 (Tenn.1982). At some point, the administration of justice will require that the continued failure not be subject to the harmless error rule.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

WELLES, SMITH, JJ., concur.