# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 10, 2002

## MARKUS LAMONT WILLOUGHBY v. STATE OF TENNESSEE[1]

### Direct Appeal from the Circuit Court for Madison County
### No. C-00-117    Clayburn Peeples, Judge by Interchange

---

### No. W2002-00096-CCA-R3-PC  - Filed November 1, 2002

---

The petitioner appeals the trial court's denial of post-conviction relief.  He argues trial counsel's failure to investigate and present an alibi defense deprived him of the effective assistance of counsel at his original trial.  We find no merit to his argument and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Ramsdale O'DeNeal, Jr., Jackson, Tennessee, for the appellant, Markus Lamont Willoughby.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was convicted of first degree felony murder, especially aggravated burglary, conspiracy to commit especially aggravated burglary, and theft over $500, and received an effective life sentence.  On direct appeal, the especially aggravated burglary conviction was reduced to aggravated burglary; otherwise, the judgments were affirmed. State v. Montez Antuan Adams, Ricardo Maxwell, and Marcus Lamont Willoughby, C.C.A. No. 02CO1-9709-CC-00352, 1998 Tenn. Crim. App. LEXIS 903, at **1-2 (Tenn. Crim. App. Sept. 1, 1998, at Jackson), *perm. to app. denied* (Tenn. 1999).  The proof at trial established the petitioner, who was a juvenile when the

---

[1]In the direct appeal, this court spelled the petitioner's name "Marcus" Lamont Willoughby.  The post-conviction pleadings spell his first name "Markus."  We use the latter in this opinion.

crimes occurred,[2] and his co-defendants were committing a burglary in the home of victim Antonio Givens when Givens returned home at approximately midnight; the petitioner shot and killed Givens. *Id.* at **5-8.

## POST-CONVICTION RELIEF HEARING

During the post-conviction relief hearing, the petitioner testified trial counsel met with him only once, two days prior to trial, to discuss his case. He stated he told his attorney he was not at the crime scene. The petitioner said he told his trial attorney that Lawanda Reeves, Rashad Reeves, Lakesha Douglas, and Tanis Bowers could confirm his alibi. The petitioner said his attorney told him they could not present Tanis Bowers' testimony because Bowers had a prior criminal record.

Petitioner's trial attorney testified at the post-conviction hearing that he met with the petitioner as many as four times to discuss the case. He stated he obtained full discovery from the district attorney and interviewed all the witnesses listed on the indictment. The attorney stated he spoke with a potential alibi witness, Latasha Starks, but she was unable to confirm the petitioner's alibi. The attorney stated the petitioner told him he was with his girlfriend, Lawanda Reeves, at the time the crime was committed. The attorney said his efforts to contact Reeves were unsuccessful. He said the petitioner did not tell him Tanis Bowers was an alibi witness.

The petitioner's mother, Linda Jean Willoughby, testified she met with trial counsel approximately seven to ten times in his office to discuss her son's case. She said she knew of at least three occasions when trial counsel met with the petitioner. She also stated she met Lawanda Reeves one time, which was prior to trial, in an effort to get Reeves to come to court.

Tanis Bowers testified the defendant was at Bowers' home on the day of the crime, but that the defendant left around dusk. He said the defendant returned later when Bowers was asleep and woke him up by knocking on his window, but he did not know what time that occurred.

The petitioner argues his trial counsel did not provide him effective assistance because he failed to adequately investigate the case and present an alibi defense. He contends trial counsel failed to adequately interview him about the facts of his case prior to trial, and he failed to interview and present the testimony of alibi witnesses provided to him by the petitioner. In denying the petition for post-conviction relief, the post-conviction court found trial counsel's performance "met and exceeded the standards required of attorneys in criminal cases." The post-conviction court specifically found, *inter alia*, counsel met with the petitioner several times, discussed the case in detail with the petitioner, met with all potential witnesses he could locate, and used a competent trial strategy.

---

[2]The post-conviction record indicates the petitioner's case was transferred from juvenile court to circuit court.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Since the petitioner alleged ineffective assistance of counsel, it was petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence in order to get relief. Tenn. Code Ann. § 40-30-210(f). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to prove ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance was deficient, and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

"When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also* Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Black, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony *might* have been if introduced by counsel. *Id.*

## ANALYSIS

In the instant case, the petitioner testified trial counsel met with him only one time to discuss his case, and this meeting occurred two days prior to trial. However, the testimony of trial counsel and the petitioner's mother indicated trial counsel met with the petitioner at least three times. Further, their testimony established trial counsel met with the petitioner's mother on numerous occasions to discuss the petitioner's case. The evidence does not preponderate against the post-conviction court's finding that trial counsel met with the petitioner on several occasions and discussed the case with him in detail.

The petitioner further contends trial counsel ineffectively failed to present the testimony of alibi witnesses Lawanda Reeves, Rashad Reeves, Lakesha Douglas, and Tanis Bowers. Trial counsel testified the petitioner told him he was with Lawanda Reeves at the time the crime was committed. The attorney stated he attempted to contact her, but was unable to reach her. Further, the petitioner's mother testified she met Reeves on only one occasion and tried to get her to come to court; it is apparent that her efforts were also unsuccessful. The evidence does not preponderate against the post-conviction court's finding that trial counsel met with all witnesses he was able to locate. The

petitioner did not present the testimony of Lawanda Reeves, Rashad Reeves, or Lakesha Douglas during the post-conviction hearing. We are unable to assume their testimony would have supported an alibi defense for the petitioner. *See* <u>Black</u>, 794 S.W.2d at 757.

Trial counsel testified the petitioner did not advise him Tanis Bowers was an alibi witness. The post-conviction court implicitly accredited this testimony. Thus, trial counsel was not deficient in failing to contact him. Further, while Tanis Bowers did testify at the post-conviction hearing, he was unable to confirm that the petitioner was with him near midnight, the approximate time the crimes were committed. Thus, the petitioner has failed to establish prejudice.

Given these facts, we cannot conclude the post-conviction court erred in denying post-conviction relief. We agree with the post-conviction court that the evidence indicates the defendant was not denied the effective assistance of counsel. Therefore, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE