IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2006

**BRUCE M. VANN v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Madison County**
**No. C04-251     Donald H. Allen, Judge**

_____

**No. W2004-03033-CCA-R3-PC  - Filed February 9, 2006**

_____

The petitioner, Bruce M. Vann, appeals the denial of his petition for post-conviction relief, contending that the trial court erred in finding that counsel rendered effective assistance at trial. Upon review, we conclude that the sole issue raised by the petitioner on appeal has been waived for failure to support it with argument or citations to the appellate record. Therefore, we affirm the denial of post-conviction relief, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Bruce M. Vann.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In October 2001, a Madison County jury found the petitioner guilty of one count of aggravated assault, and the trial court sentenced him to six years as a Range I, standard offender. The conviction was affirmed on direct appeal to this court. See State v. Bruce Marvin Vann, No. W2002-00161-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 286 (Tenn. Crim. App., at Jackson, Mar. 31, 2003), appeal denied, (Tenn. Oct. 6, 2003). On June 9, 2004, the petitioner filed a pro se petition for post-conviction relief alleging, inter alia, ineffective assistance of counsel. Upon preliminary review, the post-conviction court determined that the petition presented a colorable claim, and the court then appointed counsel. On December 20, 2004, the hearing was held on the matter and, thereafter, an order denying relief was entered. Counsel for the petitioner filed a notice of appeal document on December 27, 2004. Since the petitioner alleged ineffective assistance of counsel, it was the petitioner's burden in the post-conviction court to prove the allegations by clear

and convincing evidence. T.C.A. § 40-30-110(f). Furthermore, we are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

In order to prove ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance was deficient, and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The Tennessee Supreme Court has also applied this standard to the right to trial counsel under Article I, Section 9 of the Tennessee Constitution, State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1999), and the right to counsel on direct appeal under the Fourteenth Amendment. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995).

The petitioner's argument consists, in toto, of the following:

It is [the petitioner's] position that [trial counsel] did not properly investigate the facts as she should have in his case. It is the [p]etitioner's position that he has proven by clear and convincing evidence that [trial counsel] was ineffective as his lawyer. Scott v. State, 936 S.W.2d 271 (Tennessee Criminal Appeals 1996) T.C.A. 40-30-210. It is [the petitioner's] position that [trial counsel's] representation was deficient and because of that it was prejudicial. State v. Bond, 6 SW2nd 3rd 453 (Tenn. 1999).

It is the [p]etitioner's position that [trial counsel's] performance as a lawyer fell below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 688.

In response, the State contends that the petitioner has waived the only issue he raises on appeal for failure to cite to the record, and further, that the post-conviction court did not err in denying relief as counsel rendered effective assistance at trial.

At the outset, we agree with the State's assessment that the petitioner has failed to include citations to the record and further note that he has failed to support his issue with argument. His broad assertions, completely devoid of support, certainly fail to meet the standard of Rule 10(b), Rules of the Court of Criminal Appeals, which states:

Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.

As such, the issue has been waived.

In any event, the petitioner has certainly failed to demonstrate that the evidence preponderates against the findings of the post-conviction court. The transcript of the hearing reflects that trial counsel's preparedness was in dispute and that the post-conviction court accredited the testimony of counsel, finding that:

As to the matter of effective assistance of Counsel the Court finds that [counsel] did discovery and visited the [petitioner] on at least three occasions. [Counsel] did a good

job at representing the [petitioner] at trial. This was a case with conflicting testimony and it boiled down to a question of fact and credibility for the jury to decide. The jury accredited the State's version of events. The Court does not find anything that [counsel] did or failed to do that arises to the level of ineffective assistance of counsel and this issue is denied.

Therefore, notwithstanding waiver, it is our determination that the petitioner has failed to meet his burden, and the denial of relief is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
JOHN EVERETT WILLIAMS, JUDGE