IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2006

## JAMES MCCLENNON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-A-533      Cheryl Blackburn, Judge**

—————————

**No. M2005-01123- CCA-R3-PC - Filed June 2, 2006**

—————————

The petitioner, James McClennon, appeals the denial of his petition for post-conviction relief in which he asserted various instances of ineffective assistance of counsel. A review of the record reveals support for the findings of the post-conviction court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Ronald Munkeboe, Jr., Nashville, Tennessee, for the appellant, James McClennon.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

On September 18, 2001, the petitioner was convicted of theft of property over $10,000, felony evading arrest with risk of death or injury, and felony reckless endangerment. He was sentenced to fifteen years as a persistent offender for the theft conviction and twelve years for the felony evading arrest conviction as a career offender, with the sentences to be served consecutively. He appealed his convictions, and this court reversed and remanded his conviction for theft concluding that the trial court should have instructed the jury as to the lesser offense of unauthorized use of a motor vehicle. On remand, the theft conviction was dismissed leaving the petitioner with the twelve-year sentence as a career offender. On December 3, 2003, the petitioner filed a pro se petition for post-conviction relief; thereafter, the post-conviction court appointed counsel and an amended petition was filed. In the amended petition, the petitioner claimed that: (1) counsel failed to adequately communicate with him prior to trial so he could aid counsel in his defense; (2) counsel

failed to investigate facts about the petitioner's medical condition and artificial knee; and (3) counsel improperly advised him against testifying in his own defense. The post-conviction court conducted a hearing on February 23, 2005, and took the petition under advisement. On April, 25, 2005, the post-conviction court issued a written order denying relief. The petitioner now appeals to this court contending that the post-conviction court erred in failing to find ineffective assistance of trial counsel. Following our review, we affirm the post-conviction court's denial of relief.

At the post-conviction hearing, the petitioner testified that he met with his trial counsel no more than three times in person or on the phone prior to trial. He testified that he rejected any plea offers because he was innocent. He further testified that he has a bad knee and requires a cane to walk. He testified that he told his trial counsel about his condition and that his theory included that his knee "locked up," causing him to press the accelerator, resulting in the accident that contributed to his arrest. He testified that after telling counsel his story, counsel did nothing to investigate his condition. He also testified that he told counsel he wanted to testify in his own defense. He stated that trial counsel told him if he testified it would "mess up my defense." He then testified that trial counsel did not advise him of their proposed defense strategy for trial. On cross-examination, the petitioner testified that, because of his incarceration, he could not put on medical proof at the post-conviction hearing regarding his theory of defense. He further testified that counsel advised the petitioner that his prior record could be used to impeach him if he were to testify.

Trial counsel then testified that he met with the petitioner at least seven times in person and also communicated with him through written correspondence prior to trial. He further testified that his meetings with the petitioner were between twenty-five minutes to an hour in length and that he felt adequately prepared to go to trial. He testified that he investigated the petitioner's claim about his medical condition and artificial knee and that he discussed the petitioner's version of the facts with several members of the public defender's office and concluded that the petitioner's best chance at trial would be to exclude his testimony based on the petitioner's prior extensive record. On cross-examination, trial counsel testified that he spoke with two doctors regarding the petitioner's condition, and neither felt that the petitioner's explanation was reasonable. Finally, trial counsel testified that the petitioner agreed that it would be best if he did not testify at trial. He testified that the petitioner knew that it was his right to make the final decision as to whether he would testify. He stated that the petitioner's prior record of crimes of dishonesty would have been introduced to hurt his credibility had he testified. On cross-examination, counsel testified that the petitioner was adamant about proceeding to trial. He further testified that he strongly advised the petitioner not to testify in his defense because of his prior record. He did not recall whether the petitioner was adamant about testifying and, further, did not recall petitioner expressing a desire to testify.

At the conclusion of the hearing, the post-conviction court took the petition under advisement and, on April 25, 2005, issued a written order denying post-conviction relief and dismissed the petition. The court specifically credited the testimony of trial counsel as to the number of times he met with the petitioner. The court further found that the petitioner failed to demonstrate by clear and convincing evidence that counsel was ineffective or that he was prejudiced by counsel's alleged deficient performance.

<u>Analysis</u>

The petitioner contends that he received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or that the proceedings were fundamentally unfair. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). This standard has also been applied to the right to counsel under Article I, § 9 of the Tennessee Constitution. <u>State v. Melson</u>, 772 S.W.2d 417, 419 n.2 (Tenn.1989).

In <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn.1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689; <u>see</u> <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn.2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-110(f) (2004). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. <u>Fields v. State</u>, 40 S.W.3d 450, 456-57 (Tenn.2001).

In the present case, the petitioner contends that trial counsel was ineffective in: (1) failing to communicate with him regarding his case; (2) failing to investigate his claim that his medical condition concerning his knee caused the accident which resulted in his arrest; and (3) improperly advising him against testifying in his defense. We will analyze each claim separately.

First, the petitioner specifically avers that because counsel only met with him three times either in person or on the phone prior to trial that he was inadequately prepared to proceed to trial. However, the post-conviction court credited the testimony of trial counsel that he met with the petitioner at least seven times in person and that he also communicated with the petitioner through written correspondence prior to trial. The post-conviction court did not find that trial counsel's actions amounted to ineffective assistance. Rather, the court found trial counsel's recollection of his representation of the petitioner credible. Further, the court found that even if counsel met with the petitioner only three times prior to trial, as alleged, the petitioner has failed to show that the number of meetings with counsel was so deficient as to constitute ineffective assistance. The court found no evidence to support the claim that counsel failed to meet with the petitioner and keep him informed of the proceedings.

Next, the petitioner contends that trial counsel was ineffective in failing to conduct an investigation into his claim that his artificial knee malfunctioned, resulting in the accident that led to his arrest. Specifically, he avers that, because he claimed that his artificial knee malfunctioned and caused him to press down on the accelerator at a high rate of speed and crash into a house,

defense counsel should have conducted a full investigation in order to assess any physical defect which might have affected his defense. When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); see also Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that: (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Black, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. Id. Here, the petitioner did not introduce any expert testimony or medical proof to support his claim. When cross-examined about whether he would present proof about his condition and his version of events, the petitioner claimed that he would not be able to present proof because of his incarceration.

The post-conviction court again credited the testimony of trial counsel as to his investigation into the petitioner's claim. Rather, the court found that trial counsel did conduct an investigation into the petitioner's version of the facts. The court found that the doctors indicated that the petitioner's explanation of his artificial knee locking up after hitting a bump in the road was impossible. Further, the court found that one physician contacted by counsel wrote in his medical notes that the claim was "crazy" and that there was no medical basis for the petitioner's knee to lock up upon hitting a bump in the road. Based on these findings, the post-conviction court held that trial counsel did conduct an investigation into the petitioner's claims as to his medical condition. We further conclude that the petitioner's failure to present proof as to his version of events would have been sufficient for the post-conviction court to deny any relief.

Finally, the petitioner alleges that counsel was ineffective in improperly advising him against testifying in his own defense. Specifically, he avers that he wanted to testify at trial and show the jury how his knee locked up and caused the accident, but his counsel prevented him from testifying on his own behalf. The post-conviction court did not find trial counsel's advice against testifying amounted to ineffective assistance. First, counsel testified that based on the petitioner's record, he felt there were two reasons it was best that the petitioner not testify at trial: (1) the petitioner's story was not credible and would not be persuasive to the jury; and (2) the petitioner's extensive criminal history would work against him. The court found that the petitioner signed a waiver at trial in accordance with Momon v. State, 18 S.W.3d 152 (Tenn. 2000), participated in the questioning of the court, and expressed a desire to waive his right to testify after consulting with counsel. Based on these findings, the post-conviction court held that trial counsel did not improperly advise the petitioner to waive his right to testify but found that he waived his right knowingly and voluntarily.

Upon review of the record, we conclude that the evidence presented on appeal does not preponderate against the findings of the post-conviction court. The testimony reveals that the parties communicated with one another, that counsel conducted an investigation into the medical claims of the petitioner, and that it was the petitioner's decision not to testify at trial. The petitioner has failed

to show by clear and convincing evidence that trial counsel was ineffective with regard to any of his claims. We therefore conclude that the trial court was within its discretion in dismissing the petitioner 's motion.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE