IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 14, 2009

## KEITH COLLINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-28552     John T. Fowlkes, Jr., Judge**

---

**No. W2008-02235-CCA-R3-PC  -  Filed November 13, 2009**

---

The petitioner, Keith Collins, pled guilty to possession of more than 0.5 grams of cocaine with the intent to sell, a Class C felony, and aggravated assault, a Class C felony.  He was sentenced to concurrent sentences of three years on probation as a Range I, standard offender.  His probation was later revoked, and a petition for post-conviction relief followed.  On appeal, he argues that counsel was ineffective and that his guilty pleas were not knowingly and voluntarily entered.  After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Joseph S. Ozment (on appeal), and Sean Muizers and Larry Copeland (at trial), Memphis, Tennessee, for the appellant, Keith Collins.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris West, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        On September 16, 2003, the petitioner entered pleas of guilty to two Class C felonies and received a total effective sentence of three years suspended to probation.  On May 24, 2004, his probation was revoked because of several violations of his probation agreement, including a new charge violation.  The petitioner filed a *pro se* petition for post-conviction relief on June 7, 2004, alleging that he had not received effective assistance of counsel and that his pleas were not knowingly, voluntarily, and intelligently entered.  He was appointed counsel on June 25, 2004.  Amended petitions for post-conviction relief were filed by counsel, and a hearing was conducted on December 6, 2007.  The petitioner was denied post-conviction relief by written order entered September 5, 2008.  This appeal followed.

During the hearing on the petition for post-conviction relief, the petitioner testified that counsel did not meet with him while he was in jail but only met on his court dates. He claimed that his only conversation with counsel about this case occurred on the day he entered his guilty plea. He also testified that he did not receive a copy of his discovery materials and that counsel did not review the materials with him. The petitioner said that counsel told him that he should sign the plea agreement because the State had enough evidence to put him away for a long time. He testified that he had no prior offenses and no experience with the court system. He acknowledged that he faced a potential eight to twelve-year sentence if convicted in a new trial.

The petitioner testified he told counsel about two witnesses to call at trial. He expected one witness to claim ownership of the drugs and the other witness, the victim, to explain that he mistakenly identified the petitioner.

The petitioner said the trial court reviewed all his rights with him, including the voluntariness of his pleas. He testified that he pled guilty because he was afraid of spending time in the penitentiary for his first offense.

The petitioner testified that he was diagnosed with bipolar disorder in 2001. He told counsel about the diagnosis, but no mental evaluation was performed prior to entry of the pleas. He did not release his medical records or mental evaluations as part of the presentence report and averred that he was in good mental health.

Counsel testified that he had practiced criminal defense exclusively for twenty years at the time he represented the petitioner. He spoke with the petitioner on the day he was appointed. Counsel had received discovery material when he met with the petitioner, and his practice was to leave a copy of the material with his client. He did not recall specific meetings with the petitioner except for the forty-five-minute time period he spent reviewing the plea agreement with him.

Counsel testified that he held the petitioner's case over until a different case had been adjudicated so the petitioner could receive probation. He advised the petitioner of his opinion about the case and the petitioner's potential exposure in a trial. He denied that he intimidated the petitioner into a plea and concluded that the petitioner did not need a mental evaluation.

Counsel did not involve an investigator in the case because the two witnesses the petitioner mentioned to him were unlikely to testify on the petitioner's behalf. Both witnesses reported the petitioner's crimes, and one witness was the victim of the aggravated assault.

Following the hearing, the post-conviction court took the petition under advisement. The court later issued a written order denying relief.

Analysis

On appeal, the petitioner argues that the post-conviction court erred in denying his petition for post-conviction relief. Specifically, he contends that trial counsel was ineffective, thus rendering his guilty pleas unknowing and involuntary.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner argues that trial counsel was ineffective because he did not adequately communicate with the petitioner, did not properly investigate the case, and did not secure the witnesses necessary to defend his case. The post-conviction court accredited the testimony of trial counsel and determined that he represented the petitioner adequately. The court found that counsel met with the petitioner and reviewed discovery material with him. Counsel reviewed with the petitioner his possible sentence exposure and the possible outcome at trial. Counsel also spoke with the petitioner about the potential witnesses proposed to him and explained that the proffered witnesses were responsible for notifying police about the petitioner's crimes. The evidence does not preponderate against the post-conviction court's findings. He has failed to demonstrate either that counsel was deficient or that, but for counsel's errors, he would have proceeded to trial.

Further, because the petitioner did not call the proposed witnesses during the post-conviction hearing, this issue is waived. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been

discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.*

Regarding the voluntariness of the petitioner's pleas, the petitioner claims that he felt threatened and intimidated to enter his pleas. However, the post-conviction court accredited the testimony of counsel that he did not intimidate the petitioner into entering a plea. The petitioner has not offered any proof that he was intimidated into entering the guilty plea. The petitioner is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE