# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2010

## PERDIDO COOK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26846      John P. Colton, Jr., Judge**

---

**No. W2009-02038-CCA-R3-PC  - Filed December 15, 2010**

---

The petitioner, Perdido Cook, appeals the denial of his petition for post-conviction relief. After being convicted of especially aggravated robbery, aggravated robbery, and attempted aggravated robbery, he was sentenced to an effective twenty-five-year sentence. On appeal, he contends that trial counsel was ineffective for failing to properly investigate and prepare for his case. After careful review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Jason R. Poyner, Memphis, Tennessee, for the appellant, Perdido Cook.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The underlying convictions arose after the petitioner and a co-defendant, both armed with guns, forcibly entered an apartment in Memphis. They took money and jewelry from the occupants of the apartment before shooting and paralyzing one of the victims. This court summarized the facts on direct appeal. *See State v. Perdido Cook*, No. W2001-00381-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 26, at **2-7 (Tenn. Crim. App. Jan. 9, 2002).

Trial counsel testified during the post-conviction hearing that she did not have a good recollection of the petitioner's case due to the amount of time that had passed. She recalled that the petitioner contended at trial that he was not present during the crimes. Counsel

cross-examined the witnesses for the State and introduced the statement of the co-defendant, who claimed the petitioner was not present and that another man was his accomplice. Counsel testified that she filed several motions on behalf of the petitioner and investigated the co-defendant. She did not recall issuing a subpoena for Quinton Perkins, the man identified by the co-defendant as his accomplice, but she did not have her complete file to review.

The petitioner testified that counsel should have subpoenaed three witnesses who would have provided exculpatory evidence. He said that he confessed to the crimes because the police told him they would lock his mother up. The petitioner said that he expected all the witnesses he discussed with counsel to be present at trial. He also testified that he thought the State's main witness lied during his testimony.

The court clerk testified that two subpoenas filed by trial counsel were found in the petitioner's file. One subpoena was for the co-defendant, and another was for a member of the Memphis Police Department. The witness testified that she did not look at the subpoenas issued by the State and that it was possible the petitioner's potential witnesses were included in the State's subpoenas.

Analysis

On appeal, the petitioner argues that trial counsel was ineffective because she failed to properly investigate his case in preparation for trial. Specifically, the petitioner contends that he was convicted due to counsel's inability to present witnesses that had given statements favorable to the petitioner.

In this post-conviction proceeding, the petitioner bears the burden of proving factual allegations by clear and convincing evidence. T.C.A. § 40-30-210(f). The factual findings entered by the post-conviction court are conclusive unless the petitioner establishes that the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693 (1984).

"When a petitioner contends that trial counsel failed to discover, interview, or present

witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.*

The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner argues that counsel was ineffective for failing to call three witnesses who had information that would exonerate him. However, because the petitioner did not call these witnesses to testify at the post-conviction hearing, he cannot show prejudice and fails to meet his burden of proof. *See Black*, 794 S.W.2d at 758.

The petitioner also points out other instances of what he considers ineffective assistance, including counsel's inability to recall a motion hearing in which she participated or to recall the basis of some witnesses' testimony. However, the record does not preponderate against the finding of the post-conviction court that counsel was not ineffective.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court

_____
JOHN EVERETT WILLIAMS, JUDGE