# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 26, 2010

## ANTHONY DEWAYNE JORDAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3279      Steve Dozier, Judge**

**No. M2010-00774-CCA-R3-PC - Filed December 22, 2010**

The petitioner, Anthony D. Jordan, appeals the denial of his petition for post-conviction relief. On appeal, he argues that he received ineffective assistance of counsel and that he did not enter his guilty plea knowingly and voluntarily. After careful review, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Anthony Dewayne Jordan.

Robert E. Cooper, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rachel M. Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was initially indicted for twenty-two crimes of a sexual nature. He entered guilty pleas to two counts of rape of a child in exchange for concurrent twenty-five-year sentences. The following facts were asserted during the plea acceptance hearing:

> During the time period [between] January 1, 2004, and January 27, 2007, [the petitioner] did intentionally, knowingly, or recklessly engage in unlawful sexual penetration with [the victim], whose date of birth is January 28, 1994 . . . [The victim] would be here to testify to those facts. Detective Josh Mayo, for the Metro Police Department, Sex Abuse Unit, would be here to testify regarding an interview he conducted with [the petitioner] during the

investigation, wherein [he] admitted to these two acts and countless others. These events did occur here in Davidson County, and based on these facts, the State recommends the previously-announced disposition.

The petitioner initially told the court that he wanted to enter the pleas, then changed his mind, and asked for a jury trial. Following the selection and empaneling of a jury, the petitioner announced his desire to enter guilty pleas. The State indicated a reluctance to enter the agreement because of a concern that the petitioner would later attempt to claim his pleas were not entered voluntarily. The State eventually agreed to continue with the plea acceptance hearing.

Analysis

On appeal, the petitioner contends that counsel was ineffective and that his pleas were not entered knowingly and voluntarily. This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad*, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Honeycutt*, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002) (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in *Hill* modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

On appeal, the petitioner argues that counsel was ineffective because he did not recall whether counsel filed any motions on his behalf. He specifically contends that counsel should have filed a motion to suppress his confession because he was under the influence of marijuana. Trial counsel testified during the post-conviction hearing that the petitioner did not allege to him that he was under the influence of marijuana at the time of his confession. Counsel testified that he did not file a motion to suppress because he was unaware of any grounds for suppression. The petitioner did not tell counsel that he was high and did not appear to be high on the videotape of the interrogation. The post-conviction court specifically accredited the testimony of trial counsel over that of the petitioner.

The petitioner also argues that counsel was ineffective for failing to interview two witnesses who were with the petitioner and observed him smoking marijuana prior to his confession. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.* During the post-conviction hearing, the petitioner presented no witnesses to support his claim that these witnesses would have testified that he was under the influence of marijuana when he confessed to police. Therefore, this issue is waived.

The petitioner also contends his pleas were involuntary and unknowing. Our supreme court has stated the following:

> The cases of *Boykin v. Alabama* and *State v. Mackey* are the landmark constitutional cases for analyses of guilty pleas. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); *State v. Mackey,* 553 S.W.2d 337 (Tenn. 1977) (state standard). In *Boykin*, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. *Id.* at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of *what the plea connotes* and *of its consequences.*" *Id.* at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).
>
> Likewise, in *Mackey*, this Court held that "the record of acceptance of a [petitioner's] plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea. . . ." 553 S.W.2d at 340.

*State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999).

To determine if a plea was voluntarily, knowingly, and understandingly entered, courts consider the totality of circumstances, considering factors such as the relative intelligence of the petitioner; the degree of his familiarity with criminal proceedings; whether he was represented by counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial. *Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996); *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Here, the record supports the conclusion that the petitioner entered his plea knowingly, voluntarily, and intelligently. The petitioner testified during the plea entry hearing that he fully understood his plea and that he was not forced to enter a plea. He told the court that he fully understood his rights and chose to waive them. The petitioner acknowledged during the post-conviction hearing that counsel was fully prepared to proceed to trial and that it was his decision to plead guilty. The petitioner's plea of guilty affirmatively demonstrated that his decision was both voluntary and knowledgeable and that he was made aware of the significant consequences of such a plea. By entering a guilty plea to two charges, he also avoided prosecution for twenty additional crimes. The petitioner is

not entitled to relief on this issue.  Therefore, we affirm the judgment from the post-conviction court.

Conclusion

Based on the foregoing and the record as a whole, we affirm the denial of post-conviction relief.

_____

JOHN EVERETT WILLIAMS, JUDGE