IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 15, 2008

**THOMAS E. KOTEWA v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Anderson County**
**No. A7CR0020     Donald R. Elledge, Judge**

---

**No. E2007-02193-CCA-R3-PC - Filed June 11, 2009**

---

The petitioner, Thomas Edward Kotewa, appeals the denial of his petition for post-conviction relief. He pled guilty to second degree murder and received an agreed-upon sentence of fifteen years as a Range I, violent offender. On appeal, he contends that: he received ineffective assistance of counsel; his guilty plea was not entered knowingly and voluntarily; the post-conviction court erred by failing to enter specific factual findings or legal conclusions; and Supreme Court Rule 28 was violated by both the State and the post-conviction court. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Brennan P. Lenihan, Oak Ridge, Tennessee, for the appellant, Thomas E. Kotewa.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; David S. Clark, District Attorney General; and Sandra N. C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case concerns the shooting death of the victim, LaShawn Terence Mims. Two witnesses identified the petitioner as the shooter, and the petitioner admitted to police that he shot the victim. The petitioner pled guilty on November 6, 2006, in exchange for a sentence of fifteen years. He filed a *pro se* petition for post-conviction relief on January 26, 2007. He filed an amended petition on February 14, 2007, after which the post-conviction court appointed counsel. Another amended petition was filed on April 9, 2007, with the assistance of counsel. The trial court held an evidentiary hearing on September 21, 2007, and denied the petition for post-conviction relief on September 24, 2007. This appeal followed.

In his initial petition for post-conviction relief, the petitioner alleged that counsel rendered ineffective assistance and that he did not understand the nature of his plea. In his first amended petition, the petitioner alleged that the indictment against him was void due to the absence of an allegation of "malice aforethought." Post-conviction counsel again amended the petition to include the additional claims that counsel had been ineffective for failing to pursue discovery, interview witnesses, pursue a valid defense, investigate the petitioner's competence and that "11th hour" counsel was ineffective.

The petitioner was represented by two attorneys during the course of his prosecution. "Counsel" represented the petitioner from May 9, 2006, until November 6, 2006. The petitioner entered his guilty plea on November 6, 2006, but was not represented by Counsel when he entered his plea. Counsel met with the petitioner two or three times and spoke with him on the phone concerning his case. Counsel testified that he filed a motion for discovery and reviewed the State's file.

Counsel testified that the petitioner's strategy changed on a weekly basis. Counsel said that the petitioner requested that he make several motion requests but would change his mind as to what he wanted filed. Counsel negotiated a guilty plea, which the petitioner agreed to enter only to attempt to raise an issue regarding his indictment via a petition for post-conviction relief. Counsel advised the petitioner that, if he chose to pursue this strategy, he would have to do so with another attorney. Counsel moved to withdraw with the agreement of his client, the State, and the trial court. The order was entered on the day scheduled for the petitioner's plea hearing. The petitioner declined to postpone the plea hearing and entered the plea notwithstanding the appointment of new counsel.

"New Counsel" was appointed for the purpose of entering the petitioner's guilty plea. The petitioner and New Counsel met four days before the entry of his guilty plea. The petitioner did not raise any issues of a defective indictment with New Counsel. The petitioner only raised a concern about when he would be transferred to Michigan to serve an outstanding sentence. New Counsel testified that he would have gone to trial had the petitioner decided not to pursue a guilty plea.

Both attorneys testified that the petitioner appeared competent and participated in matters related to his defense. Prison records showed that the petitioner was prescribed Lexapro for depression. The petitioner claimed that his counsel refused to cooperate with him and acknowledged that he insisted on entering a guilty plea. The petitioner had seven prior convictions without a jury trial but claimed that he would not have pled guilty had counsel pursued his self-defense claim.

Analysis

On appeal, the petitioner argues that he received ineffective assistance of counsel. He argues that Counsel's representation was below the standard of a conscientious advocate and that Counsel should have secured a mental evaluation for him, should have investigated potential witnesses, had a conflict, and failed to file motions that he requested.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. *State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and that, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services rendered by counsel be within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-210(f) (2006). This court will not disturb the findings of fact entered by the post-conviction court unless the evidence preponderates against them. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).

Here, the petitioner contends that the post-conviction court should have found trial counsel ineffective for failing to properly inquire about the petitioner's competence at the time he insisted on entering a guilty plea. However, the petitioner presented no proof at his post-conviction hearing to demonstrate that he was not competent at the time of his plea. Counsel testified that the petitioner insisted on entering a plea throughout his representation, appeared to be in command of his faculties, and assisted in devising legal arguments and conducting legal research. The petitioner has not met his burden of demonstrating that he would not have entered his guilty plea if counsel had secured a mental evaluation for him.

Next, the petitioner argues that Counsel was ineffective for failing to interview and investigate potential witnesses. However, the petitioner presented no witnesses at the evidentiary hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice.

*Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.* The petitioner has not demonstrated that counsel was ineffective for failing to pursue potential witnesses because the petitioner failed to present any witnesses during the evidentiary hearing to support his position.

Next, the petitioner contends that he was denied effective assistance because Counsel had a conflict of interest. Specifically, he argues that a conflict of interest arose when Counsel decided not to advance a defense unsupported by the facts. A defendant who pleads guilty with the assistance of an allegedly conflicted attorney must still show ineffective assistance in a collateral attack. *Cuyler v. Sullivan*, 466 U.S. 335, 349 (1980); *see also Dukes v. Warden*, 406 U.S. 250, 257 (1972). This court has previously held that the mere possibility of a conflict of interest does not raise the presumption of ineffective assistance of counsel. *Netters v. State*, 957 S.W.2d 844, 847-48 (Tenn. Crim. App. 1997). To obtain relief, a petitioner must show "an actual conflict adversely affected the counsel's performance." *Cuyler v. Sullivan*, 466 U.S. at 350. An actual conflict of interest exists when counsel cannot represent the petitioner without "compromising interests and loyalties." *State v. White*, 114 S.W.3d 469, 476 (quoting *Clinnard v. Blackwood*, 46 S.W.3d 177, 183 (Tenn. 2001)).

The conflict in the petitioner's case resulted from Counsel's refusal to comply with the petitioner's attempt to defraud the court. Counsel testified at the evidentiary hearing that the petitioner intended to plead guilty to an indictment that the petitioner felt was defective. Counsel advised the petitioner that any claim as to the validity of the indictment should be made at the first opportunity. The petitioner refused to raise a challenge and insisted on entering a plea. Counsel moved to withdraw from representing the petitioner as a result of the conflict. The petitioner was afforded the opportunity to continue his plea hearing but insisted on entering the plea. Here, the petitioner was not adversely affected by the conflict and is not entitled to relief on this issue.

Next, the petitioner argues that Counsel should have filed additional motions on his behalf. The testimony at the evidentiary hearing reflects that the petitioner asked Counsel to file several motions and then changed his mind about entering the motions. The requests varied from insistence on a plea to preparation for trial. The petitioner testified that he would not have entered his plea had these motions been filed. The post-conviction court did not accredit the testimony of the petitioner and specifically determined that it was not credible. In his brief, the petitioner mentions that Counsel had a duty to file motions to suppress confessions, suppress witness statements, and search for possible violations of his constitutional rights. However, he does not demonstrate that any of these motions would have been successful. They are merely allegations that the motions would have somehow altered the petitioner's decision to enter a guilty plea. The petitioner has not provided any support for his conclusion that Counsel was ineffective for failing to file additional motions. Therefore, the petitioner is not entitled to any relief on this issue.

The petitioner also argues that the State violated Tennessee Supreme Court Rule 28, section 5(G), by failing to admit or deny every allegation in the petition. The State submits that the plain language of Rule 28, section 5(I) states that failure to comply with the requirements of section 5(G) "shall not entitle the petitioner to relief without proof, but may result in the imposition of sanctions

-4-

in the exercise of the trial judge's discretion." Tenn. R. Sup. Ct. 28 § 5(I). The State further argues that no challenge to the sufficiency of the State's response was made until after the proof had been heard and that the failure to raise a contemporaneous objection results in a waiver of this claim. By failing to make a contemporaneous objection to testimony, a defendant waives appellate consideration of the issue. *State v. Adler*, 71 S.W.3d 299, 302 (Tenn. Crim. App. 2001); *State v. Thompson*, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).

The record reflects that the State responded to the petitioner's claims of ineffective assistance by making specific denials of those claims. The State also denied the petitioner's allegation that his plea was entered involuntarily. Thus, he is entitled to no relief on this issue.

Next, the petitioner argues that the trial court denied his right to call a witness after the trial court declared the witness would not be credible. The petitioner sought to call a witness who was in the custody of the Department of Correction due to a recent conviction. During the hearing, the petitioner stated that the proposed witness would have been a witness for the State at trial. He argues that the witness's lack of credibility would have been beneficial to the petitioner had he proceeded to trial. The petitioner attempted to call the witness at the conclusion of the post-conviction hearing, but the witness was not available. The trial court stated that the proposed witness had recently been sentenced to a "considerable amount of time for a wide range of things" and that he would not be considered credible if he were to testify. The petitioner did not make a motion to continue the matter to secure the testimony of the witness nor did he attempt to depose the witness to secure his testimony. Here, the petitioner claims that the alleged credibility determination by the trial court supports his claim of ineffective assistance of counsel.

As previously stated, "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black*, 794 S.W.2d at 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.* The petitioner's failure to secure the testimony of the proposed witness is fatal to his claim, and he is not entitled to relief on this issue.

Next, the petitioner argues that his guilty plea was involuntarily entered because he did not understand that he was pleading guilty to a knowing killing. This claim is based solely on his own testimony at the evidentiary hearing, which was discredited by the post-conviction court. As previously stated, the petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle him to relief. T.C.A. § 40-30-210(f). This court will not disturb the findings of fact entered by the post-conviction court unless the evidence preponderates against them. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Witness credibility determinations rest within the sound discretion of the trial court. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996).

Both of the petitioner's counsel testified that he insisted on entering a plea of guilty, and, at his plea colloquy, the petitioner affirmed that he was entering his plea both freely and voluntarily. He stated that he was familiar with the elements of the crime and that he understood his sentence. Again, the only evidence that he might not have understood what he was doing came from the petitioner. The petitioner has offered no evidence to discredit the determinations of the trial court, and he is not entitled to relief on this issue.

Next, the petitioner argues that the post-conviction court failed to enter specific factual findings to support its conclusions. However, the order from the post-conviction court denying the petition for relief does contain factual findings based on the testimony from the hearing on the petition. The order contains the post-conviction court's conclusions based on the testimony offered during the hearing. The order is not lengthy, but it is sufficient for this court to review the proceedings on appeal. The petitioner is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the holding of the post-conviction court.

_____

JOHN EVERETT WILLIAMS, JUDGE