# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 4, 2009

## OCTAVIA CARTWRIGHT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-04743      Paula Skahan, Judge**

**No. W2008-02682-CCA-R3-PC  - Filed January 26, 2010**

The petitioner, Octavia Cartwright, appeals the denial of her petition for post-conviction relief.  She is currently serving a ninety-one-year sentence for her convictions for attempted first degree murder, two counts of especially aggravated robbery, especially aggravated burglary, four counts of especially aggravated kidnapping, and one count of evading arrest in a motor vehicle with risk of death or injury.  On appeal, she contends that she received ineffective assistance of counsel.  After careful review, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Samantha Newman and R. Andrew Hutchinson, Memphis, Tennessee, for the appellant, Octavia Cartwright.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stacy McEndree, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts underlying the convictions in this case involve an attack on and the entry into the home of the victim.  This court summarized the facts in the opinion on direct appeal. The petitioner and an accomplice attacked and brutally assaulted the victim in her home before fleeing in the victim's automobile in the early morning hours of August 29, 1999.  The petitioner repeatedly struck the victim with a gun, and the petitioner's accomplice stabbed her several times with a pair of scissors.  *State v. Octavia Cartwright,* W2005-02316-CCA-

R3CD, 2007 WL 162176 (Tenn. Crim. App. Jan. 22, 2007), *perm. to appeal denied* (Tenn. May 21, 2007). The petitioner was sentenced to ninety-one years for her multiple convictions.

During the post-conviction hearing, the petitioner's mother testified that she hired trial counsel approximately one year after the offenses occurred while the petitioner was incarcerated. The petitioner's mother said that she had to make real efforts to visit with counsel and that he did not meet with the petitioner while she was incarcerated. She also testified that she went to court several times and that trial counsel did not appear for court. She testified that she wanted to hire an independent doctor to perform a mental evaluation on the petitioner but said that trial counsel told her it would be a waste of time and money. The petitioner's mother testified that trial counsel did not adequately prepare her for trial and specifically stated that trial counsel told her that she would not be asked any questions about the petitioner's record as a juvenile.

The petitioner testified that trial counsel visited her on only two occasions prior to trial. She said that she asked trial counsel about an independent mental evaluation, and he told her that he had spoken with some doctors, but they would charge fifteen hundred dollars. She claimed that trial counsel did not tell her that witnesses other than the victim would testify against her. She testified that she asked trial counsel to introduce the clothes she was wearing on the night of the attack as evidence at trial. She said her clothes did not have as much of the victim's blood on them as the clothes worn by the co-defendant.

The petitioner testified that she asked to speak with the assistant district attorney general prior to trial counsel's appearance in court. She testified that trial counsel was late to court, and the prosecutor spoke to her after counsel arrived. She said that the prosecution related the plea offer to her while trial counsel said nothing. She also said that trial counsel did not explain that she could be held responsible for the actions of her co-defendant. She affirmed that the assistant district attorney would not offer anything less than twenty-five years at one-hundred percent service and that she was unwilling to accept the State's offer.

The petitioner testified that trial counsel did not help her prepare a statement for sentencing and that he did not ask what she planned to say. She stated that she would not change anything about the statement that she read in court. The petitioner testified that she did not want a new trial, only a new sentencing hearing.

The assistant district attorney who prosecuted the petitioner testified that the victim wanted to avoid a trial but wanted the petitioner to agree to a sentence of at least twenty-five years at one-hundred percent service. The victim told him that she would testify if the petitioner did not agree to enter a guilty plea. He testified that he told the petitioner he would seek a sentence of ninety-one years if she proceeded to trial.

The prosecutor testified that trial counsel asked him if he would talk to the petitioner about the plea offer. He recalled that he spoke to the petitioner for "two, two and a half hours" about the plea offer. The petitioner asked for a sentence that would get her out of jail immediately because she felt like she had been in jail long enough.

Trial counsel testified that he was the third lawyer to represent the petitioner in this case. He testified that she had already reviewed the discovery material with previous counsel before he became involved. He challenged the competency findings from the mental evaluation in a hearing but decided against obtaining outside expert testimony because the State's expert would have testified that the petitioner was a malingerer. He recalled discussing the mental health aspects with the petitioner and her mother. He asked the petitioner detailed questions about her mental health evaluation, with the two-pronged goal of forwarding her defense and evaluating her potential for mental health treatment. Trial counsel testified that he had numerous meetings with the petitioner's mother throughout the pretrial process.

Trial counsel disagreed with introducing the bloody clothes because he planned to question the State's witness about the lack of blood in the vehicle shortly after the offense. He said that he went to the crime scene more than once to familiarize himself with the victim's home and the neighborhood around it. He testified that both he and the prosecutor explained the concept of criminal responsibility to the petitioner. He said that he reviewed the petitioner's planned statement prior to the sentencing hearing and approved it because he thought the rambling statement would be evidence for the trial court to understand her mental capacity.

Analysis

Following the hearing, the post-conviction court denied the petition for relief. On appeal, the petitioner argues that trial counsel was ineffective. This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose,* 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington,* 466 U.S. 668 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. *Strickland,* 466 U.S. at 687; *Goad v. State,* 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State,* 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad,* 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

-3-

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter,* 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. *Strickland,* 466 U.S. at 689; *State v. Honeycutt,* 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad,* 938 S.W.2d at 369 (citing *Strickland,* 466 U.S. at 688).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Nichols v. State,* 90 S.W.3d 576, 587 (Tenn. 2002) (citing *Strickland,* 466 U.S. at 689). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley v. State,* 960 S.W.2d 572, 579 (Tenn. 1997); *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner contends that trial counsel was ineffective for failing to order an independent mental evaluation, failing to fully investigate the facts of the case, failing to present the clothing she wore on the night of the crime, and in allowing the petitioner's juvenile record to be heard. The petitioner also contends that counsel did not meet with her sufficiently to put on an adequate defense, did not educate her on whether to accept the State's plea offer, and did not prepare her for how to address the trial court during sentencing.

The petitioner's mother testified that she wanted an independent mental evaluation for the petitioner prior to trial. The petitioner suggests that it was "highly probable" that trial counsel's failure to contact an independent psychiatrist prejudiced the petitioner's case and prevented her from presenting mitigating proof at trial. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State,* 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State,* 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused her prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner

-4-

prejudice. *Black,* 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.* Because the petitioner failed to call these potential witnesses during the post-conviction hearing, the petitioner has failed to establish prejudice.

Next, the petitioner argues that trial counsel was ineffective in failing to fully investigate the case. Specifically, the petitioner argues that trial counsel did not visit the crime scene until the day before trial and also failed to interview witnesses before the trial and before the sentencing hearing who were "willing and able" to testify. Again, with regard to the witnesses, the petitioner failed to call them to testify during the post-conviction hearing. Therefore, he failed to establish prejudice on appeal. With regard to trial counsel's investigation of the case, he testified that he visited the crime scene more than once to familiarize himself with the scene. The post-conviction court held that the petitioner failed to present any evidence that trial counsel failed to fully investigate the case and accredited trial counsel's testimony. The defendant has not presented any evidence to support her argument and, therefore, is not entitled to relief on this issue.

Next, the petitioner argues that counsel was ineffective for failing to present the clothing she wore on the night of the crime. She argues that, despite the brutal assault on the victim, "there was almost no blood on [her] clothes." She contends that this would have shown a lack of proximity to the victim. Counsel testified that it was a strategic decision not to introduce the clothes at trial. It is well settled that the fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. *Henley,* 960 S.W.2d 579; *Hellard,* 629 S.W.2d 9. Here, it was sound strategy for counsel to decide not to introduce the clothing at trial. He testified that he did not want to introduce the clothes because they did have blood on them. He decided not to introduce the clothes because he wanted to question the State's witnesses about the lack of blood in the car shortly after the offense because it was alleged that the petitioner and her accomplice put the bleeding victim in the getaway car before the victim escaped. Our review reflects that this decision was based on sound strategy. The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that trial counsel was ineffective for allowing her juvenile record to be admitted at trial. Specifically, she argues that it was a mistake for counsel to insist that the petitioner's mother testify at trial and that counsel compounded the mistake by failing to caution the petitioner's mother about the risks of opening the door to evidence about the petitioner's juvenile record. During cross-examination, the State brought out the petitioner's juvenile record after her mother testified that the petitioner was nonviolent. During the post-conviction hearing, trial counsel testified that he called the petitioner's

mother to testify as a character witness in support of his theory of defense. The petitioner's mother testified that trial counsel told her that the petitioner's juvenile record would not be brought up at trial. The post-conviction court held that the petitioner failed to demonstrate how the introduction prejudiced her at trial. On appeal, she argues that it is clear that this information influenced the jury in their determination that the petitioner committed the crime. This conclusion overlooks the weight of the evidence against the petitioner and places the blame for her conviction on the idea that the jury convicted her because of her prior record.

Trial counsel testified that he called the petitioner's mother to testify about her fear that the petitioner was associating with a person of questionable character, the co-defendant. He said that the petitioner's mother embellished on her part and went too far in her characterization of the petitioner which, in turn, opened the door to the introduction of the juvenile record, including adjudications for a gun crime, an aggravated assault, theft of property, and multiple assaults. In light of the evidence against the petitioner, including the victim's testimony regarding the petitioner's involvement, the petitioner has failed to meet her burden of demonstrating that she was prejudiced by the introduction of her juvenile record.

Next, the petitioner argues that trial counsel failed to adequately communicate with her, resulting in her defense being prejudiced. Specifically, she argues that the trial counsel failed to "effectively explain the plea agreement" proposed by the State, which resulted in proceeding to trial. The petitioner acknowledges that she rejected the offer of twenty-five years but contends that counsel did not tell her that she faced exposure to a potential ninety-one-year sentence. She also argues that counsel did not explain that she could be held criminally responsible for the actions of her co-defendant and that he did not properly prepare her for the sentencing hearing. The post-conviction court rejected each of these contentions based on the evidence presented during the hearing. Trial counsel testified that he met with the petitioner multiple times prior to trial and even scheduled an appointment with the State's attorney so they could all discuss the plea offer. The State's attorney testified that he told the petitioner he would seek a ninety-one-year sentence at trial. With regard to the sentencing hearing, counsel testified that part of his strategy included allowing the court to see first-hand the rambling nature of the petitioner's thought process to demonstrate her mental capacity. The petitioner has failed to show any deficiency or prejudice with regard to counsel's communication with her about either the State's plea offer or the sentencing hearing. Therefore, she is not entitled to relief. The petitioner was aware of the full circumstances of the plea offer from the State and the seriousness of the sentence that the State would seek at trial. She made a decision to reject the plea offer because, at the time, she believed that she had served enough time.

Conclusion

Based on the foregoing and the record as a whole, we affirm the post-conviction court's denial of relief.

_____
JOHN EVERETT WILLIAMS, JUDGE