# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## CHARLES BATES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-02044     Paula Skahan, Judge**

---

**No. W2009-02046-CCA-R3-PC  -  Filed November 15, 2010**

---

The petitioner, Charles Bates, appeals the denial of his petition for post-conviction relief. He pled guilty to criminal attempt to commit aggravated sexual battery, a Class C felony, in exchange for a sentence of six years in the Shelby County Correction Center as a Range I, standard offender. On appeal, he argues that counsel was ineffective and that his guilty plea was not entered knowingly, voluntarily, and intelligently. After careful review, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Tiffani S. Taylor, Memphis, Tennessee, for the appellant, Charles Bates.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts were summarized by the State and stipulated to by the petitioner during the entry of the petitioner's guilty plea. The six-year-old victim was in the care and custody of the petitioner, who was living in the home with the victim and her family. The victim's mother left to go to a neighbor's home and returned to find the petitioner missing. The victim told her mother that the petitioner touched her genital area. The petitioner testified that he understood the charges against him, that counsel had explained everything to him, and that he had no questions about the charges. The petitioner was sentenced to six years of confinement and was ordered to pay a $1000 sex offender fine and to register as a sex

offender.

Analysis

On appeal, the petitioner argues that counsel was ineffective for failing to properly prepare his case, which rendered his guilty plea involuntary. Specifically, he argues that counsel did not meet with him for an adequate amount of time and did not personally interview any witnesses. This court reviews a claim of ineffective assistance of counsel under the standards of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. *Goad*, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine if counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Honeycutt*, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065).

In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), the Supreme Court applied the two-part *Strickland* standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in *Hill* modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner testified during the post-conviction hearing that counsel visited with him only two times during his representation, which lasted five months. Trial counsel

testified to several meetings with the petitioner in the jail, as well as written correspondence following up on telephone calls. Trial counsel also testified that he provided two copies of the discovery materials to the petitioner because the petitioner lost the first set. The post-conviction court clearly accredited the testimony of counsel, and the petitioner points to no evidence on appeal to undermine the decision of the post-conviction court. Therefore, he is not entitled to relief on this issue.

The petitioner also claims that counsel was ineffective for failing to interview witnesses whose names he provided to counsel. Counsel testified that his investigator interviewed the witnesses and determined that they were unable to provide the alibi the petitioner was seeking. Nevertheless, the petitioner is not entitled to relief on his issue because he failed to produce these witnesses during the post-conviction hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.*

The petitioner has failed to meet his burden of demonstrating that counsel was either deficient or that counsel's representation prejudiced him. He has not demonstrated on appeal that counsel committed errors that led to the entry of his plea and, therefore, is not entitled to relief.

The petitioner also argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because he suffered from mental illness and may not have been on his medications on the day of the guilty plea. The petitioner also contends that his plea was involuntary and unknowing. Our supreme court has stated the following:

> The cases of *Boykin v. Alabama* and *State v. Mackey* are the landmark constitutional cases for analyses of guilty pleas. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); *State v. Mackey,* 553 S.W.2d 337 (Tenn. 1977) (state standard). In *Boykin*, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. *Id.* at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find

that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of *what the plea connotes* and *of its consequences*." *Id.* at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).

Likewise, in *Mackey*, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea. . . ." 553 S.W.2d at 340.

*State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). Specifically, the petitioner contends that his plea could not be knowingly, intelligently, and voluntarily entered because he was not taking his medication on the day his plea was entered and could not understand the future ramifications of the entry of a guilty plea to a sexual crime. He argues that counsel was ineffective for taking the petitioner's word that he did not need his medication instead of pursuing the advice of a doctor. The record reflects that, prior to the entry of his guilty plea, the petitioner was evaluated by doctors and determined to be competent to stand trial, not committable, and not eligible for an insanity defense. The petitioner told counsel that he did not want to take his medication during the entry of his plea because it prevented him from thinking clearly.

The transcript of the plea hearing reflects that the State announced in open court that the petitioner was pleading guilty to an offense that required him to be listed on the sex offender registry. The petitioner answered in the affirmative when asked by the trial court whether he understood the charges against him, the plea agreement, and the charge to which he pled guilty. The petitioner told the court that he had no questions and that he wanted to plead guilty. Counsel testified that he discussed the plea agreement with the petitioner and allowed the petitioner to decide whether to plead guilty or proceed to trial. The petitioner said that he reviewed the agreement, including the provision that he would be registered as a sex offender. If he proceeded to trial, the petitioner faced eight to twelve years, to be served at one hundred percent as charged. The plea agreement shortened the time to six years, with a release eligibility of thirty percent. The record supports the post-conviction court's finding that the petitioner entered his guilty plea knowingly, voluntarily, and intelligently.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the denial of post-conviction relief.

_____

JOHN EVERETT WILLIAMS, JUDGE